Cf. Ex.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MICHELLE TULINO,                                   :
                                                   :
                    Plaintiff,                     :            15-cv-7106 (JSR)
                                                   :
            -v-                                    :
                                                   :
THE CITY OF NEW YORK and SHAAZAD ALI,              :
                                                   :
            Defendants.                            :
------------------------------------------------------------- :
                                                   x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/19

<u>THE COURT'S INSTRUCTIONS OF LAW TO THE JURY</u>

TABLE OF CONTENTS

I. GENERAL INSTRUCTIONS

1.   Duty of the Court

2.   Duty of the Jury

3.   Duty of Impartiality

4.   Burden of Proof; Preponderance of the Evidence

5.   Direct and Circumstantial Evidence

6.   Witness Credibility

7.   Specialized Testimony

II. LIABILITY INSTRUCTIONS

8.   Liability in General

9.   First Claim: Hostile Work Environment

10.  Second Claim: Retaliation

11.  Third Claim: Battery

III. DAMAGES INSTRUCTIONS

12.  Damages in General

13.  Compensatory Damages

14.  Punitive Damages

IV. CONCLUDING INSTRUCTIONS

15.  Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

16.  Verdict; Need for Unanimity; Duty to Consult

## I. GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

#### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

## INSTRUCTION NO. 2

### Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits except for the audiotapes at the start of your deliberations. If you need to review particular items of testimony, just send us a note and we can arrange to provide them to you in transcript or read-back form. If you need to rehear the audiotapes, again just let us know and we can arrange that as well.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just two things: the testimony given by witnesses that was received in evidence and the exhibits that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard

2

about the contents of any exhibit that was not received in evidence. It is your duty not to speculate about matters not in evidence, but instead to focus exclusively on the evidence that was presented here in Court.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

Nor should you draw any inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

3

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals. It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

4

## INSTRUCTION NO. 4

### Burden of Proof; Preponderance of the Evidence

As you know, this is a civil case. To prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

The "credible evidence" means such evidence that you find worthy of belief. To establish an element of a claim by a "preponderance" of the credible evidence means to prove that the element is more likely true than not true. It does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

5

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

6

## INSTRUCTION NO. 6

### Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

7

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate.

## INSTRUCTION NO. 7

### Specialized Testimony

The law permits parties to offer opinion testimony from witnesses who were not involved in the underlying events of the case but who by education or experience profess to expertise in a specialized area of knowledge. In this case, Laurence Westreich testified as such a witness. Two other specialized witnesses, Lynn Mizzy Jonas and Edmund Mantell, also testified, but their testimony is no longer relevant because of legal rulings made at the close of the evidence, and so you no longer have to be concerned with their testimony.

Specialized testimony is presented to you on the theory that someone who is learned in the field may be able to assist you in understanding specialized aspects of the evidence. But your role in judging credibility and assessing weight applies just as much to these witnesses as to other witnesses. When you consider the specialized opinions that were received from Dr. Westreich in evidence in this case, you may give them as much or as little weight as you think they deserve. For example, a specialized witness necessarily bases his or her opinions, in part or in whole, on what that witness learned from others, and you may conclude that the weight given the witness's opinions may be affected by how accurate or inaccurate that underlying information is. More generally, if you find that the opinions of a specialized witness were not based on sufficient data, education, or experience, or if you should conclude that the trustworthiness or credibility of such a witness is questionable, or if the opinion of the witness is outweighed, in your judgment, by other evidence in the case, then you may, if you wish, disregard the opinions of that witness, entirely or in part. On the other hand, if you find that a specialized witness is credible, and that the witness's opinions are based on sufficient data, education, and experience, and that the other

9

evidence does not give you reason to doubt the witness's conclusions, you may, if you wish, rely on that witness's opinions and give them whatever weight you deem appropriate.

## II. LIABILITY INSTRUCTIONS

## INSTRUCTION NO. 8

### Liability in General

We now turn to legal responsibility, known as "liability." If a plaintiff making a claim against a given defendant proves each of the essential elements of that claim by a preponderance of the credible evidence, we say that the plaintiff has established that the defendant is legally liable on that claim. If, and only if, a given defendant is found liable on a given claim do you then determine how much money, or "damages," the defendant owes the plaintiff on that claim.

The plaintiff in this case is Michelle Tulino. The defendants are the City of New York and Shaazad Ali. Bear in mind that the liability of any given defendant on any given claim must be assessed solely on the basis of the evidence relating to that defendant on that claim. However, like any employer, the City of New York acts through its officers, supervisors, employees, and other agents, and therefore it may be responsible for the acts of its agents in certain circumstances discussed herein.

Overall, plaintiff makes three claims. The first claim, brought against both defendants, is that the defendants created a hostile work environment for Ms. Tulino by subjecting her to unwanted and offensive sexual comments and touching in the workplace. The second claim, brought against the City only, is that, when Ms. Tulino told Mr. Ali that she was going to report him for sexual harassment, the City of New York retaliated against her by removing work from her that would otherwise normally have come to her and by other forms of effective demotion. The third claim, brought only against Mr. Ali, is that Mr. Ali subjected Ms. Tulino to unwanted touching. We will consider each claim in turn.

11

## INSTRUCTION NO. 9

### First Claim: Hostile Work Environment

Ms. Tulino's first claim in this case is for a form of sex discrimination called "hostile work environment." Specifically, Ms. Tulino claims that she was sexually harassed by Mr. Ali. If you find that this has been proven, then the City of New York is also additionally liable for this misconduct by a supervisor.

In the context of this case, conduct that amounts to creating a hostile work environment includes offensive and unwanted statements related to sex and sexual advances or comments directed at the employee. If you find that Ms. Tulino was not subject to such misconduct, then you must find the defendants not liable on this count. If, however, you find that she was subject to such misconduct, then the burden shifts to the defendants to prove, by a preponderance of the credible evidence, that a reasonable person would have considered the mistreatment to be no more than petty slights or trivial inconveniences.

In short, if you find that Ms. Tulino was subjected to sexual harassment by Mr. Ali, and if the defendants have failed to prove that the harassment was slight or insubstantial, then, but only then, do you find the defendants liable for creating a hostile work environment. Otherwise, they are not liable.

12

## INSTRUCTION NO. 10

### Second Claim: Retaliation

Ms. Tulino's second claim is for unlawful retaliation. This claim is brought only against the City of New York. Regardless of whether or not Ms. Tulino actually experienced sex discrimination or sexual harassment by Mr. Ali, it would be unlawful for her employer to punish or retaliate against her because she complained of sex discrimination or sexual harassment. Here, Ms. Tulino claims that she told Mr. Ali that she would be filing a complaint against him for sexual harassment, and that in response the City of New York reduced her work responsibilities, moved her work space, excluded her from meetings, and gave her a lesser job title. To prevail on her claim of retaliation, Ms. Tulino must prove by a preponderance of the credible evidence each of the following elements:

First, that Ms. Tulino opposed, complained about, or reported sex discrimination or sexual harassment in the workplace.

Second, that thereafter the City engaged in conduct that was reasonably likely to deter a person from opposing, complaining about, or reporting sex discrimination or sexual harassment.

Third, that the City's action was motivated, at least in part, by the fact that Ms. Tulino had opposed, complained about, or reported sex discrimination or sexual harassment.

13

## INSTRUCTION NO. 11

### Third Claim: Battery

Ms. Tulino's third claim, brought only against Mr. Ali, is that Mr. Ali subjected her to a "battery," which is the legal term for unjustified bodily contact. Specifically, Ms. Tulino claims that in September of 2014, Mr. Ali grabbed her wrist and embraced her without her consent; and that on November 12, 2014, Mr. Ali pushed her against a wall, grabbed her arms, and pushed his leg between her legs.

To prevail on her claim of battery, Ms. Tulino must prove by a preponderance of the credible evidence the following two elements:

(1) that Mr. Ali intentionally made bodily contact with Ms. Tulino; and

(2) that such contact was wrongful and without Ms. Tulino's consent.

14

## III. DAMAGES INSTRUCTIONS

### INSTRUCTION NO. 12

#### Damages in General

If you find one or both of the defendants liable on any one or more of the plaintiff's claims, then you must determine the sum of money that must be paid by that defendant to the plaintiff as a result of such liability. These sums of money are called "damages," and in this case they are of two types: compensatory damages and punitive damages. I shall discuss each in turn, but let me say generally that damages must be based on evidence, not on speculation or sympathy, and plaintiff bears the burden of proving her damages by a preponderance of the credible evidence.

15

## INSTRUCTION NO. 13

### Compensatory Damages

If you find a given defendant liable to the plaintiff on a given claim, the plaintiff is entitled to recover from that defendant the sum of money that will justly and fairly compensate the plaintiff for injuries that were proximately caused by the misconduct of that defendant. An injury is "proximately caused" by the misconduct of the liable party if that misconduct was a substantial factor in causing the injury. You must consider damages separately as to each claim for which you find liability has been established.

The form of compensatory damages that plaintiff here claims is compensation for emotional distress. If you find that Ms. Tulino has proved by a preponderance of the credible evidence that she has suffered in the past, is suffering presently, or will suffer in the future emotional distress as a result of any of the defendants' wrongful actions, you must decide on a sum of money that will fairly compensate her for that distress. Emotional distress is necessarily subjective, and there is no exact formula to apply. You must use your best judgment to reach a fair amount.

As to any claim as to which liability has been found, if you find that the plaintiff has failed to prove compensatory damages as to that claim, you must nevertheless award the plaintiff the sum of one dollar on that claim. These are called nominal damages and are intended to confirm your judgment that, even if no damages were proved, liability was found.

16

## INSTRUCTION NO. 14

### Punitive Damages

If you find Mr. Ali personally liable, either on the hostile work environment claim, the battery claim, or both, then, and only then, should you consider plaintiff's further claim for what are called "punitive damages." Punitive damages may be awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct or to deter or prevent a defendant or others like the defendant from committing such acts in the future. You may award punitive damages against Mr. Ali only if the plaintiff proves by a preponderance of the credible evidence not only that Mr. Ali is liable on a given claim but also that he acted "maliciously" or "wantonly" in committing the underlying acts. An act is done "maliciously" if it is prompted by ill will or spite towards the injured person. An act is done "wantonly" if it is done with callous disregard for the rights of the injured person.

Moreover, even if you find that Mr. Ali acted maliciously or wantonly, an award of punitive damages is discretionary. That is, if you find that the legal requirements for awarding punitive damages are satisfied, then you may decide to award such damages, or not, in your discretion.

At this stage, you need to determine whether or not you wish to award punitive damages against Mr. Ali, but you do not need to determine the amount of punitive damages. If you decide to make such an award, you will receive further instruction bearing on the determination of the amount.

17

## IV. CONCLUDING INSTRUCTIONS

## INSTRUCTION NO. 15

## Selection of Foreperson; Right to See Exhibits and Hear Testimony;

### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will send into the jury room all the exhibits that were admitted into evidence, except the audiotapes. If you want any of the testimony, that can also be provided, in either transcript or read-back form, and we can also arrange for playback of the audiotapes. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person. You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

18

INSTRUCTION NO. 16

Verdict; Need for Unanimity; Duty to Consult

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous. This completes my instructions of law.

19